UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMIE ARONOLDO MEIJA PEREZ,                  *
                                             *
          Petitioner,                        *
                                             *
     v.                                      *
                                             *     Civil Action No. 1:26-cv-12110-IT
ANTONE MONIZ, Superintendent, Plymouth       *
County Correctional Facility, et al.,        *
                                             *
          Respondents.                       *
                                             *

MEMORANDUM & ORDER

June 2, 2026

TALWANI, D.J.

Petitioner Jamie Aronoldo Meija Perez, a citizen of El Salvador, entered the United States without inspection in 2005. Pet. ¶ 2 [Doc. No. 1]. He has resided in Massachusetts since that time. Id. ¶ 27.

On or about May 5, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner at a Massachusetts courthouse, where Petitioner appeared "to respond to a charge of driving without a license." Id. ¶ 29. Petitioner remains in ICE custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 12.

On May 8, 2026, Petitioner filed an Emergency Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks, inter alia, immediate release or, "[i]n the alternative," a "custody proceeding under 8 U.S.C. § 1226(a)" (a "bond hearing") within seven days. Id. at ECF 12–13. As grounds, Petitioner asserts that (1) Petitioner is entitled to relief under the partial final judgment entered by another session of this court in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025); (2) Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a),

1

rather than under 8 U.S.C. § 1225; and (3) without access to a bond hearing, Petitioner is

detained in violation of his right to due process under the Fifth Amendment to the United States

Constitution. Id. ¶¶ 38–55.

> In their Response [Doc. No. 5], Respondents
>
> submit that the legal issues presented in this Petition are similar to those addressed
> by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025), appeal
> dismissed by stipulation, Nov. 25, 2025]; Escobar v. Hyde, No. 25-cv-12620-IT,
> 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-v-12638-IT
> (D. Mass. Oct. 7, 2025); and Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct.
> 9, 2025).

Id. at 1. Respondents therefore acknowledge that "[s]hould the Court follow its reasoning in Doe,

Escobar, Da Silva, and Venancio, it would reach the same result here[.]" Id.

In a footnote, Respondents "also note [that] there is currently a Circuit split on this

issue," in which "the Fifth and Eighth Circuits have concluded that § 1225(b)(2) may be a basis

for detention under these circumstances . . . while the Second Circuit has held that it is not." Id.

at 2 n.2 (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi,

170 F.4th 1128, 1133 (8th Cir. 2026); and Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir.

2026)). Where the First Circuit has not yet had an opportunity to address this issue,[1] the court

finds more persuasive the Second Circuit's recent resolution of the issue in Barbosa da Cunha.

There, the Second Circuit "part[ed] ways with two other circuits that have addressed this

question" and "join[ed] the overwhelming majority of federal judges across the Nation to

consider it and conclude[d] that the government's novel interpretation of the immigration statutes

defies their plain text." Barbosa da Cunha, 175 F.4th at 69.

---

[1] Respondents appealed only one of this court's above-referenced decisions to the First Circuit
and subsequently stipulated to a dismissal of that appeal. See Judgment, Doe v. Moniz, 25-cv-
12094, Dkt. No. 69 (Nov. 25, 2025).

Accordingly, where the court finds that the reasoning in Doe remains correct, and consistent with the declaratory judgment ordered in Guerrero Orellana, the Petition [Doc. No. 1] is GRANTED as follows:

No later than June 9, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than June 16, 2026.

IT IS SO ORDERED.

June 2, 2026                                             /s/ Indira Talwani
                                                        United States District Judge

3